IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Mrs. LaTonya K. White<br><br>Plaintiff,<br><br>v.<br><br>Orangeburg High School for Health Professionals, Derwin Farr, Principal/Exec. Dir., in his official capacity, and Shanna White, in her official capacity.<br><br>Defendants. | Case No.:  5:24-cv-4071-SAL-SVH<br><br>**COMPLAINT** |

## INTRODUCTION

Mrs. LaTonya K. White (hereinafter "Plaintiff"), by and through her undersigned counsel, brings the following Causes of Action for Racial Discrimination, Racially Hostile Work Environment, and Retaliation in violation of 42 U.S.C. § 1981, against Defendant Orangeburg High School for Health Professionals (hereinafter "Defendant Orangeburg High School"), Defendant Derwin Farr, Principal/Exec. Dir. (hereinafter "Defendant Farr"), and Defendant Shanna White (hereinafter "Defendant White"). Plaintiff further asserts claims of Breach of Contract, and Breach of Contract Accompanied by Fraudulent Act against Defendants based upon the following allegations.

## JURISDICTION

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. § 2000e (5), this being a proceeding to enforce the rights and remedies secured under 42 U.S.C. §

1981, and other Federal Statutes. The Court also has pendant, ancillary, and supplementary jurisdiction over so much of this action as is based on State law.

2. Venue is proper in the Orangeburg Division because the Causes of Action arose therein, the acts and practices complained of occurred there, and it is where Defendants may be found.

## PARTIES

3. Plaintiff is a citizen of the State of South Carolina and resides in Orangeburg County.

4. Upon information and belief, Defendant Farr is a citizen of the State of South Carolina and resides within this judicial district.

5. Upon information and belief, Defendant White is a citizen of the State of South Carolina and resides within this judicial district.

6. Defendant Orangeburg High School is a private educational Charter School/institution formed under the laws of South Carolina having its agents, employees, officers, and property in Orangeburg County, South Carolina.

## FACTS

7. Plaintiff is a 47-year-old African American woman who began working for Defendant Orangeburg High School beginning in 2020. Plaintiff held the position of full-time Director of Health Sciences, and she later held a part-time Health Science Teacher position following the incidents giving rise to these claims.

8. Additionally, Plaintiff worked for AmeriHealth Caritas as a Remote Care Coordinator.

9. Plaintiff earned approximately $158,000 annually between the two jobs she held, earning $72,000 annually as a full-time Director of Health Sciences at Defendant Orangeburg High

School with full benefits and incentives, and earning $84,000 annually as a Remote Care Coordinator at AmeriHealth Caritas.

10. The Plaintiff's income, however, was drastically reduced when she went to part-time status as a Health Science Teacher at Defendant Orangeburg High School; earning $1,235 Bi-monthly and only $29,640 annually.

11. Plaintiff spent numerous after-school hours engaging with her students, parents, and the community of Orangeburg working for Defendant Orangeburg High School to ensure their success and growth from 2020 to 2023.

12. Plaintiff worked tirelessly and diligently for three years at Defendant Orangeburg High School,

13. Plaintiff has always prided herself on being an exemplary employee who had never received any form of disciplinary action with her co-workers, supervisors, or superintendents until Defendant White was put into a supervisory position over Plaintiff.

14. Plaintiff had every intention of remaining employed with Defendant Orangeburg High School for another 1-3 years.

15. Plaintiff did not have a written contractual agreement with Defendant Orangeburg High School but instead had an oral contract with Defendant Farr that she voluntarily accepted due to staffing needs.

16. On June 1, 2023, while conversing with a Caucasian co-worker, Defendant White walked up to Plaintiff and her co-worker and abruptly uttered the word "niggers" for no apparent reason. No one else was near Plaintiff and her co-worker, and Defendant White in no way appeared to be on her cell phone conversing with someone at the time. As a result, Plaintiff was extremely offended and appalled by Defendant White's inappropriate remark.

17. On June 2, 2023, Plaintiff reported said incident to Defendant Farr, however, Plaintiff's concerns were dismissed and disregarded leaving her with no response.

18. On June 4, 2023, Plaintiff again reported said incident to Defendant Farr with no response. Plaintiff's continuous reports about the incident were met with no repercussions or investigation into the matter.

19. Shortly after Plaintiff's second report to Defendant Farr, Defendant White began assigning Plaintiff work assignments that were well beyond her scope of employment in retaliation of Plaintiff's reports.  The new assignments were work added on in addition to the many original and already existing duties for Plaintiff.

20. These new assignments placed upon Plaintiff are of great significance because no other similarly situated employee such as Plaintiff received these types of assignments as extra work which was not compensated.

21. Plaintiff was ultimately forced to complete all extra assignments during her own free time because Plaintiff was only part-time and did not receive a Planning Period like other teachers when such assignments were placed on her.

22. As a result, the extra assignments became strenuous on the Plaintiff, and she was unfortunately unable to complete them all due to her having to complete them during her own spare time and since she was not being compensated for such work.

23. This prompted Defendant White to discipline Plaintiff by issuing her a write-up, which was Plaintiff's first, for what Defendant White claimed was "insubordination" for failing to complete the assigned extra assignments.

24. Due to personal and continuous issues with Defendant White, Plaintiff requested reassignment and informed Defendant Farr about such request. Defendant Farr offered to

relocate Plaintiff to the Tech School, however, Plaintiff was never relocated to the Tech School. Defendant Farr never followed up or discussed such relocation with Plaintiff after such a statement was made.

25. Due to the stress and strain of Plaintiff's job, she began to have gastric disturbances as a result.

26. The Plaintiff was later seen by and treated by a physician for the medical issue and the physician diagnosed the source of such condition as a direct result of added stress and anxiety Plaintiff was experiencing at work.

27. After Plaintiff completed work on March 5, 2024, Plaintiff unexpectedly became ill. She immediately made one of her co-workers aware of her condition and that she would not be in the next day due to her illness.

28. On the morning of March 6, 2024, Plaintiff woke up to an email from Defendant White which was sent at 8:59 a.m., indicating that there were some issues with the academic performance of some of Plaintiff's students. Defendant White demanded that Plaintiff have something in place to address the deficiencies by or before 6 p.m. that business day.

29. Despite Plaintiff being ill and intending to stay home that day, Plaintiff went to work to address the matter Defendant White addressed in her email.

30. Through careful review of Plaintiff's records and procedures that were currently in place, Plaintiff realized the students at issue with Defendant White had already been addressed and placed on remediation by Plaintiff for failing to maintain a 60% proficiency level or above.

31. Due to Defendant White's continuous harassment and ongoing/pervasive hostility in Plaintiff's work environment, Plaintiff was forced to resign from her position for the well-being of her health.

32. Subsequently, Plaintiff has suffered irreparable harm to her livelihood, employment, and mental health due to unforeseen emotional distress.

## **FIRST CAUSE OF ACTION**
SECTION 1981 RETALIATION/HOSTILE WORK ENVIORNMENT

33. Plaintiff reiterates each and every allegation in the previous paragraphs as if set forth verbatim herein.

34. Plaintiff engaged in statutorily protected activity when Plaintiff filed a discrimination/hostile work environment charge with the EEOC on March 11, 2024.

35. Plaintiff suffered adverse employment action from Defendants White and Farr through punishments such as extra work duties/responsibilities without additional compensation and her complaints about a hostile work environment being ignored which other similarly situated employees did not have to endure.

36. There is a clear and obvious causal connection between Plaintiff's complaints that were reported on June 2 and June 4 of 2023 and Plaintiff's unforeseen influx of duties and responsibilities placed on her by Defendant White as a form of retaliation. The Defendants' actions were a coordinated effort, designed for the purpose of retaliation due to Plaintiff raising concerns regarding an inappropriate statement directed towards her by Defendant White.

37. Plaintiff asserts that the new demands placed upon her in addition to her already existing duties, were a pretext designed to force Plaintiff to resign from her position. Specifically, Defendant Farr acted with a reckless disregard for Plaintiff's complaints with the intent to keep Plaintiff under the direct supervision of Defendant White and to force her untimely resignation.

38. Defendants White and Farr actively worked to create a pervasive and hostile work environment for Plaintiff to force her resignation.

39. As a direct and proximate result of Defendants' retaliation, Plaintiff has suffered gastric disturbances, stress, anxiety, and unforeseen emotional distress and illnesses.

40. Defendants' retaliation has caused, continues to cause, and will cause Plaintiff to suffer physical and mental anguish, pain, suffering, loss of enjoyment of life, wages and benefits, and pecuniary and non-pecuniary losses.

41. Plaintiff is therefore entitled to injunctive relief and/or civil damages, front pay, back pay and lost wages.

## SECOND CAUSE OF ACTION
### BREACH OF CONTRACT

42. Plaintiff reiterates each and every allegation in the preceding paragraphs as if set forth verbatim herein.

43. Plaintiff and Defendants entered into a verbal agreement binding them to a valid oral contract. Moreover, Plaintiff relied upon Defendants' assurances to act in conformity with its own policies and procedures regarding conduct in the work place, retaliation and other applicable policies and procedures with respect to Plaintiff.

44. Plaintiff performed her job duties with due diligence until being retaliated against by Defendant Orangeburg High School, through its agents, and given work assignments beyond the scope of her employment on top of her many and already existing work duties.

45. Defendant Orangeburg High School and/or its agents unjustifiably failed to perform its contractual duties by knowingly permitting the hostile work environment of Plaintiff, by failing to protect her from the retaliatory actions of its agents, and by not taking action in

favor of Plaintiff; despite her multiple complaints, and in violation of her protected status as an employee of Defendant Orangeburg High School..

46. All of these actions violate the contractual provisions within Defendant Orangeburg High School's oral contract with Plaintiff, its employment handbook (contract), its workplace conduct policy and other contractual policies and procedures. Defendant Orangeburg High School further breached its contractual policies and procedures, when it failed to protect Plaintiff from the actions of agents acting on its behalf.

47. Defendant Orangeburg High School had a duty to ensure Plaintiff would not be subjected to a hostile work environment by its agents. Instead, it failed to take any action on Plaintiff's legitimate complaints of hostile work environment and allowed its agents to retaliate against Plaintiff all in violation of its contractual guarantees provided to Plaintiff through its oral contract, employee handbook and other company policies and procedures.

48. Defendant Orangeburg High School's conduct, both directly and through its agents, constitutes bad faith and breaches the covenant of good faith and fair dealing implied in the oral contractual agreement.

49. As a result of Defendant Orangeburg High School's breach of contract it has caused, continues to cause, and will cause Plaintiff to suffer physical and mental anguish, pain, suffering, loss of enjoyment of life, wages and benefits, and pecuniary and non-pecuniary losses.

50. Plaintiff further believes the pervasiveness of Defendant Orangeburg High School's conduct warrants the imposition of punitive damages in an amount to be determined by this Court.

## **THIRD CAUSE OF ACTION**

BREACH OF CONTRACT ACCOMPANIED BY FRADULENT ACT

51. Plaintiff reiterates each and every allegation contained in the preceding paragraphs as if set forth verbatim herein.

52. Defendant Orangeburg High School, by and through its agents, failed to fulfill its obligation under its own written policies. Taken together, the promissory and mandatory terms included in Defendant Orangeburg High School's employment handbook, the districts policies and procedures manual, its oral contract with Plaintiff and other documents form a contract with Plaintiff beyond the at-will employment relationship.

53. Defendant Orangeburg High School's conduct constitutes either an intentional or negligent failure to protect Plaintiff by allowing her to remain in a hostile work environment and allowing her to be retaliated against, despite Plaintiff's multiple complaints, all while assuring Plaintiff of its commitment to shield her from the same.

54. By failing to initiate any objective actions on Plaintiff's behalf, by failing to conform to its own policies, and by continuing to permit an environment of hostility and retaliation, Defendant Orangeburg High School demonstrates a fraudulent intention to protect Plaintiff from harm.

55. Defendant Orangeburg High School's conduct, both directly and through its agents, constitutes bad faith and breaches the covenant of good faith and fair dealing that is implied in the employment oral and written (employment handbook and district policies and procedures manual) contract.

56. As a result of Plaintiff's continued exposure to a hostile work environment and retaliation, under circumstances directly within Defendant Orangeburg High School's control, as well as its fraudulent breach of contract, Plaintiff has suffered, continues to suffer, and will suffer

physical and mental anguish, pain, loss of enjoyment of life, wages and benefits, and pecuniary and non-pecuniary losses.

57. Plaintiff further believes the pervasiveness of Defendant Orangeburg High School's conduct warrants the imposition of punitive damages in an amount to be determined by this Court.

### JURY TRIAL DEMANDED

58. Plaintiff requests a jury trial.

### PRAYER FOR RELIEF

59. **WHEREFORE,** Plaintiff prays the Honorable Court declares that Defendant's actions violated the right guaranteed to Plaintiff, and issues judgement as follows:

   a. Declaring the actions complained of herein illegal;

   b. Issuing an injunction enjoining Defendant, its agents, employees, successors, attorneys, and those acting in concert or in participation with Defendant from engaging in the unlawful practices shown to be in violation of 42 USC § 1981(e) et.seq. (retaliation/ hostile work environment), including, but not limited to breach of contract, breach of contract accompanied by fraudulent act, and violation of the common laws.

   c. Awarding Plaintiff both compensatory and punitive damages for each Cause of Action contained herein as appropriate; including granted severance, lost wages, front pay, back pay, future earnings with cost-of-living adjustments, mental anguish, pain and suffering, and harm to Plaintiff's economic opportunities.

d. Awarding Plaintiff her costs and expenses associated with this action, including reasonable attorney fees, and other litigation expenses; and

e. Granting such other and further relief as this Court deems just, necessary and proper to afford complete relief to Plaintiff.

Respectfully Submitted,

s/Donald Gist
Donald Gist, Esq.(13098)

**GIST LAW FIRM, P.A**.
4400 North Main Street
Columbia, South Carolina 29203
Tel. (803) 771-8007
Fax (803) 771-0063
Email: dtommygist@yahoo.com

*Attorney for Plaintiff*

July 22, 2024